UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 10-1565 |
| v. | : | Memorandum Order |
| ROBERT E. VANAMAN, | : | |
| Defendant. | : | |

This matter comes before the Court on Motion for Joinder of Movant Karin Shaffer, Administrator Ad Prosequendum and General Administrator of the Estate of Barbara Elke Vanaman, deceased ("Shaffer") [9]. Plaintiff in this matter, State Farm Fire and Casualty Company ("State Farm") filed a written opposition. Both Shaffer and State Farm appeared for oral argument on the matter on March 14, 2012. For the reasons expressed on the record that day, and for those that follow, movant Shaffer's motion for joinder is denied.

## I. Background[1]

State Farm underwrote a policy of insurance for the Vanamans' home, bearing policy number 30-BE-4103-5. Compl. ¶ 10; Plaintiff's Ex. A., State Farm Insurance Policy. The State Farm policy includes limited coverage for personal liability. However, the policy excludes coverage for "bodily injury . . . which is either expected or intended by the insured; or . . . which is the result of willful and malicious acts of the insured[.]" Compl. ¶24; Plaintiff's Ex. A., State Farm Insurance Policy, Section II, Coverage L. The

---

[1] With some minor changes, the following facts are excerpted from the Court's Opinion on October 7, 2010 granting default judgment.

policy also excludes coverage for "bodily injury to you or any insured[.]" Compl. ¶ 25; Plaintiff's Ex. A., State Farm Insurance Policy, Section II, Coverage L. Defendant shared his home with his wife, Barbara Elke Vanaman, who was a named insured.

Defendant Vanaman, a former police officer, fatally shot his wife, Barbara Elke Vanaman, during the course of an argument in their mutual residence. Compl. ¶¶ 41, 43; Plaintiff's Ex. E, Transcript of Vanaman's Guilty Plea, p. 13. In March 2009, Vanaman entered guilty pleas to manslaughter, a second degree offense, and tampering with evidence and, in so doing, admitted that he "lost it," "overreacted," and "shot [his wife] 2 times." Compl. ¶¶ 40-43; Plaintiff's Ex. E, Transcript of Vanaman's Guilty Plea, p. 13.

State Farm had been providing Vanaman with a defense in a wrongful death action filed against him, captioned <u>Karin Shaffer, Administrator Ad Prosequendum and General Administrator of the Estate of Barbara Elke Vanaman, deceased v. Vanaman</u> (the "Shaffer action"), under a Non-Waiver Agreement dated September 9, 2009. Compl. ¶ 19; Plaintiff's Ex. C. Non-Waiver Agreement. On March 26, 2010, State Farm filed a Complaint against Defendant Vanaman in this Court, seeking a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201. State Farm alleged that Defendant Vanaman was not entitled to be indemnified or defended by State Farm in the Shaffer action, because his conduct fell within the intentional bodily injury exclusion of the policy. <u>See</u> Compl. ¶24; Plaintiff's Ex. A., State Farm Insurance Policy, Section II, Coverage L.

Defendant Vanaman was served on April 12, 2010 and never answered the Complaint. Default was entered by the Clerk on June 3, 2010. Accepting as true

Plaintiff's factual allegations, this Court recognized that New Jersey courts have held that a manslaughter conviction is evidence of intentional conduct that is sufficient to trigger an exclusion in an insurance contract, Figueroa v. Hartford Ins. Co., 575 A.2d 888, 894, 341 N.J. Super. 578, 588 (N.J. Sup. Ct. App. Div. 1990).  In addition, this Court found that State Farm was entitled to a default judgment because Defendant Vanaman was not entitled to be indemnified or defended by State Farm because his conduct fell within the intentional bodily injury exclusion of the policy. See Compl. ¶24; Plaintiff's Ex. A., State Farm Insurance Policy, Section II, Coverage L.  On October 7, 2010, default judgment in favor of State Farm was entered and the case was closed.

Movant contends that a motion to vacate, pursuant to Fed. R. Civ. P. 60, was filed in May 2011, but the Court's docket does not reflect such a filing.  On August 8, 2011, movant Karin Shaffer filed the insant motion for joinder as an indispensable party.  In her motion, Shaffer argues that she has a clear interest in the subject matter of the declaratory action and is, therefore, an indispensable party, that the Court was, and is, without jurisdiction over the purely state law matter, and that the action should be dismissed for failure to join Shaffer as an indispensable party.  The Court addresses these issue in turn.

## II. Standard of Review

Movant argues that she should be joined in this action as an indispensable party. Federal Rule of Civil Procedure 19 governs joinder and provides:

> (a) Persons Required to Be Joined if Feasible.
>     (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>         (A) in that person's absence, the court cannot accord

complete relief among existing parties; or
  (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
   (i) as a practical matter impair or impede the person's ability to protect the interest; or
   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
 (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
 (3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
 (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
 (2) the extent to which any prejudice could be lessened or avoided by:
  (A) protective provisions in the judgment;
  (B) shaping the relief; or
  (C) other measures;
 (3) whether a judgment rendered in the person's absence would be adequate; and
 (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

(c) Pleading the Reasons for Nonjoinder. When asserting a claim for relief, a party must state:
 (1) the name, if known, of any person who is required to be joined if feasible but is not joined; and
 (2) the reasons for not joining that person.

(d) Exception for Class Actions. This rule is subject to Rule 23.

Federal Rule of Civil Procedure 19 considers whether joinder of a party is compulsory. The analysis proceeds in two steps. First, under Rule 19(a), the Court must determine whether it is "feasible" to join Movant. See Janney Montgomery Scott, Inc. v.

Shephard Niles, Inc., 11 f.3d 399, 405 (3d Cir. 1993).  Next, the Court considers whether Movant is "indispensable" under Rule 19(b). Id. "The effect a decision may have on the absent party is not material." Id. (citations omitted).

Federal Rule of Civil Procedure 24 considers whether a "necessary" person under Rule 19 can intervene. Rule 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> (2) By a Government Officer or Agency. On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
> (A) a statute or executive order administered by the officer or agency; or
> (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
>
> (c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Although Rules 19 and 24 both consider the protection of the Movant's interest,

5

"Rule 24 contains an additional element, i.e., the adequacy of representation." <u>Liberty Mut. Ins. Co. v. Treesdale, Inc.</u>,419 F.3d 216, 230 (3d Cir. 2005).  "Rule 19 does not invite inquiry into the adequacy of representation. It is therefore illogical to conclude that a party who meets the joinder requirements of Rule 19(a)(2)(I) automatically qualifies to intervene as of right under Rule 24(a)(2)." <u>Id.</u>

To intervene, the interest of a movant must be more than economical; it must be "an interest relating to the property or transaction which is the subject of the action.'" <u>Id.</u> at 220 (quoting  <u>Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361, 366 (3d Cir. 1995) (quoting Fed. R. Civ. P. 24(a)(2))).  a legal interest. <u>Id.</u>

> While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition, some general guidelines have emerged.... [A]n intervenor's interest must be one that is significantly protectable. [This means that] the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as one belonging to or one being owned by the proposed intervenors.... In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.... While a mere economic interest may be insufficient to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund. Thus, when a particular fund is at issue, an applicant claims an interest in the very property that is the subject matter of the suit.

<u>Mountain Top</u>, 72 F.3d at 366 (citations omitted).

### III. Analysis

Shaffer's interest in the present declaratory action is insufficient to confer her

standing to intervene or join the present matter. Other than pointing out that Barbara Vanaman is/was an insured under the relevant homeowner's policy, Shaffer fails to identify the nature of her interest in this matter or how her rights have been adversely impacted by the failure to name her as a party. In addition, Shaffer fails to argue her "indispensability" under the Federal Rules of Civil Procedure. In support of her argument for joinder, Shaffer relies on New Jersey Rule 4:28-1(a)(1) and cites New Jersey case law interpreting that rule. As a result, Shaffer does not satisfy the requirements of either Rule 19 or Rule 24.

Shaffer is not a required party to this action, which solely relates to whether State Farm must provide Robert Vanaman with a defense for an occurrence that happened in the insured home. Only Robert Vanaman made a claim for coverage; Shaffer on behalf of Barbara Vanaman did not make a claim for coverage or for proceeds from the policy and her legal interests are not impacted by Robert Vanaman's request for a defense. To the extent that Shaffer is claiming that Robert Vanaman's legal representation somehow impacts Shaffer's prospective rights in the underlying wrongful death action, such an economic interest is insufficient to establish that she is a necessary party here. See Treesdale, Inc., 419 F.3d 216.

Moreover, State Farm points out and Shaffer does not refute that, Shaffer never made a claim under the homeowners' policy and the homeowners' policy is not part of or implicated in the ongoing wrongful death action in Cumberland County Superior Court. In addition, Shaffer does not allege that the law regarding the exclusion for coverage invoked by State Farm is unsettled. For these reasons, Shaffer's reliance on

7

State Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) is misplaced.

In Summy, a suit for damages for a child who allegedly was poisoned by lead paint in his home was proceeding against the landlord in Pennsylvania state court. The landlord's insurer argued that the policy's pollution exclusion precluded coverage for the claim. The landlord sent a letter to the insurance company advising that he intended to file a declaratory judgment action on coverage in state court.  The insurance company responded by filing a declaratory judgment action in federal court. The landlord then moved on the coverage issue in state court.

Unlike Summy, the instant matter does not present competing coverage claims in the underlying action that are pending in state court.  Moreover, the state law at issue in the present coverage dispute is not unsettled and Shaffer does not advance any arguments to the contrary.  For these reasons, this Court's exercise of the discretion afforded under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, is appropriate.[2]

Finally, during oral argument counsel for Shaffer attacked the Court's jurisdiction under 28 U.S.C. § 1332 on the ground that State Farm is not diverse from Vanaman, a New Jersey citizen, because it has offices New Jersey.  State Farm has its principal place of business in Illinois and is, therefore, deemed a citizen of that state

---

[2] For the same reasons, Shaffer's reliance on a letter opinion in Praetorn Specialty Ins. Co. v. She-Kev, Inc., Civ. No. 10-1949 (D.N.J. Nov. 16, 2010) is unavailing, as none of the concerns expressed in Summy are present here. 234 F.3d at 135 ("In short, where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions.").

pursuant to 28 U.S.C. § 1332(c)(1). See Compl. ¶ 4. This is not a "direct action" and, pursuant to 28 U.S.C. § 1332, the parties are diverse.

## IV. Conclusion

For the reasons set forth on the record on March 14, 2012 and those expressed above, Movant Shaffer's motion for joinder is denied.

Therefore, IT IS on this 20th day of March, 2012 hereby

ORDERED that the Motion for Joinder [9] of Movant Karin Shaffer, Administrator Ad Prosequendum and General Administrator of the Estate of Barbara Elke Vanaman, deceased is DENIED.

    /s/ Joseph H. Rodriguez
HON. JOSEPH H. RODRIGUEZ,
United States District Judge