UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY,** | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 10-1565 |
| v. | : | Memorandum Order |
| **ROBERT E. VANAMAN,** | : | |
| Defendant. | : | |

This matter is before the Court on Motion for Reconsideration of this Court's decision denying Joinder of Movant Karin Shaffer, Administrator Ad Prosequendum and General Administrator of the Estate of Barbara Elke Vanaman, deceased ("Shaffer") [9] to this action.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

To succeed on a motion for reconsideration, the moving party must show "more than a disagreement" with the decision it would like reconsidered. Anders v. FPA Corp., 164 F.R.D. 383, 387 (D.N.J. 1995). Instead, there must be some "dispositive factual matters or controlling decisions of law" that were presented to the Court, but not considered. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Thus, a "mere recapitulation of the cases and arguments considered by the court

before rendering the original decision" does not warrant a grant of reconsideration. Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989), modified, 919 F.2d 225 (3d Cir. 1990); accord In re Gabapentin Patent Litigation, 432 F. Supp. 2d 461, 463 (D.N.J. 2006); S.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

A motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. NL Indus. Inc., 935 F. Supp. at 516. Thus, the moving party must actually present "something new or something overlooked by the court in rendering the earlier decision." Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (citing Harsco Corp., 779 F.2d at 909). The word "overlooked" is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered. Summerfield v. Equifax, 264 F.R.D. 133, 145 (D.N.J. 2009) (citing United States v. DeLaurentis, 83 F. Supp. 2d 455, 474 n.2 (D.N.J. 2000)).

Here, Movant has not presented the Court with an intervening change in the controlling law, evidence not previously available, or a clear error of law that will result in manifest injustice. Rather, Movant has reargued she is a necessary party to the action. In addition, Movant admits that the Court entertained her jurisdictional argument during the hearing in this matter, on March 14, 2012, but she insists that the Court overlooked "controlling" authority when it did not consider an opinion from a New Jersey district court, in Evanston Ins. Co. v. Van Syoc Chartered, No. 1:CV 10-6791, 2012 WL 847423 (D.N.J. March 12, 2012), on the issue of abstention.

This Court is not bound by the opinion of any district court, including those within the same district. Threadgill v. Armstrong World Indus., Inc., 928 F.2d 1366, 1371 (3d Cir. 1991). In addition, this Court relied on the cases cited within Evanston. However, to the extent that Movant's abstention arguments were in fact overlooked, the Court will expand on the implication of the abstention doctrine articulated in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942) that forms the basis for the opinion in Evanston, on which Movant relies.[1]

A federal court has discretion to decline to exercise jurisdiction in cases arising under the Declaratory Judgment Act, "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995); Brillhart, 316 U.S. at 494. Several factors inform a court's decision to exercise jurisdiction in declaratory actions, including whether the state court will address the issue in a parallel proceeding. Marshall v. Lauriault, 372 F.3d 175, 183 (3d Cir. 2004). In State Auto Ins. Co. v. Summy, 234 F.3d 131, 134-35 (3d Cir. 2001), the Third Circuit identified specific considerations for abstention in insurance coverage disputes:

> 1. A general policy of restraint when the same issues are pending in a state court;
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
> 3. Avoidance of duplicative litigation.

Indeed, this Court did not cite Evanston in its decision, but Evanston is not "controlling" authority, nor does it espouse an intervening change in the law. Evanston,

---

[1]Movant must first overcome the hurdle of joining the case before she can articulate her opposition to the Court's decision to exercise its discretion to hear State Farm's Declaratory Judgment Action.

3

however, may be counted as persuasive, particularly here, where the district court issued a thorough and fact specific opinion. But, the facts before the Evanston court differ from those presented here in several ways, tempering the persuasiveness and applicability of the case to the matter at hand.

First, unlike in Evanston, the plaintiff in this matter already plead guilty to criminal conduct that falls squarely within the policy exclusion. As a result, while there is litigation pending in the state court on the civil culpability of plaintiff's criminal actions, Plaintiff's level of intent in committing the murder has already been adjudicated when he entered a plea of guilty to manslaughter. See N.J. Manufacturer Ins. Co. v. Brower, 391 A.2d 923, 299 (N.J. Super. App.Div. 1977)(a party is collaterally estopped from re-litigating the intent finding of a criminal court with the insurer). Second, the law in New Jersey is settled; a manslaughter conviction is evidence of intentional conduct that is sufficient to trigger an exclusion in an insurance contract. See Figueroa v. Hartford Ins. Co., 575 A.2d 888, 894, 341 N.J. Super. 578, 588 (N.J. Sup. Ct. App. Div. 1990).

Finally, even if it were appropriate for this Court to decline jurisdiction under the dictates of Brillhart and Summy, that issue cannot be raised by Movant on this reconsideration motion without first successfully challenging this Court's denial of her motion to intervene/join the action. With respect to joinder and intervention, Movant's reconsideration motion merely reargues the facts and law considered by this Court in the first instance and, therefore, provides no valid basis for reconsideration. Shushan, 721 F. Supp. at 706. Moreover, a substantial amount of time has passed since the inception of the issue before this Court and Defendant Vanaman has never answered or

filed any motion to reconsider this Court's prior orders.  Rather, Movant has sought to undue the Court's declaratory Judgment and compel State Farm to provide a defense to her adversary in the state civil action; a feat she cannot accomplish without a stake in the case.

Although Movant disagrees with this Court's decision regarding her ability to intervene and join this action, the Court finds no clear error of law has been made, nor does the Court see any manifest injustice resulting from its decision.  Rather, Movant is dissatisfied with this Court's opinion that joinder is improper.

Accordingly,

IT IS ORDERED this 1st day of November, 2012 that Movant's motion for reconsideration of this Court's decision denying Movant's Motion to Intervene and for Joinder is hereby <u>DENIED</u>.

      /s/ Joseph H. Rodriguez
HON. JOSEPH H. RODRIGUEZ,
United States District Judge